IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IWONA PORTALATIN, | ) |
|     Plaintiff, | ) ) ) Case No.14-cv-8271 |
| v. | ) ) Judge: Matthew Kennelly |
| BLATT, HASENMILLER, LEIBSKER & MOORE LLC and MIDLAND FUNDING LLC, | ) ) ) |
|     Defendants. | ) ) |

**ANSWER TO COMPLAINT**

Defendant, MIDLAND FUNDING, LLC, by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and Midland's violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA") but denies that she has any such claims herein.**

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") but denies that Plaintiff any such claims herein. Defendant admits that this Court generally has jurisdiction over claims arising under § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331, 1337 and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** Defendant does not contest venue. Defendant denies that it transacts business in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## PARTIES

4. Iwona is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's residency and whether Plaintiff is a "consumer" as defined under the FDCPA because Defendant does not know the purpose for which the underlying financial obligation was incurred. Defendant denies any remaining allegations in this paragraph.

5. At all times relevant to the action, Blatt was an Illinois law firm with its principal office located at 125 South Wacker Drive, Suite 400, Chicago, Illinois 60606 and its registered agent is Leon Moore located at 10 South LaSalle Street, Suite 2200, Chicago, Illinois 60603.

2

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

6. Blatt is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

7. At all times relevant to the action, Midland was a California corporation with its principal office located at 3111 Camino Del Rio North, #1300, San Diego, California 92108 and its registered agent is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:** Defendant admits that its principal office is located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108. Defendant denies that its principal office is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108. Defendant admits the remaining allegations in this paragraph.

8. Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant denies that it acts as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Defendant denies that it uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant denies any remaining allegations in this paragraph.

130974164v1 0965399

**FACTS SUPPORTING CAUSE OF ACTION**

9. Midland has been attempting to collect, from Iwona, an alleged consumer debt in the amount of $1,330.75.

**ANSWER:** **Defendant denies that it attempted to collect from Plaintiff an outstanding financial obligation. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's outstanding financial obligation is a "consumer debt" because Defendant does not know the purpose for which the underlying financial obligation was incurred. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

10. On October 7, 2013, Blatt, on behalf of Midland, filed a complaint in the Circuit Court of Cook County, Illinois against Iwona. The case was captioned *Midland Funding LLC v. Iwona Portalatin* case number 2013 M1 154928 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

11. On December 2, 2013, Iwona filed a pro se appearance in the Collection Case, incurring an appearance fee of $176.00. *Id.*

**ANSWER:** **Upon information and belief, Defendant denies the allegations in this paragraph. Upon information and belief, Defendant states that Plaintiff filed a *pro se* appearance in the Collection Case on November 12, 2013, and that her appearance fee was waived by the Court.**

12. Blatt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

13. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

14. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

15. Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

16. Iwona resides at 2807 North 74th Court, Elmwood Park, Illinois 60707.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

17. Elmwood Park, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Fourth Municipal District. *Id.*

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

18. The Maywood Courthouse is the courthouse that serves the Circuit Court of Cook County's Fourth Municipal District. *Id.*

130974164v1 0965399

**ANSWER:** Upon information and belief, Defendant admits the allegations in this paragraph.

19. The Richard J. Daley Center Courthouse is 14 miles from Iwona's home.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

20. In contrast, the Maywood Courthouse is 6 miles from Iwona's home.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

21. In order for Iwona to travel to the Maywood Courthouse from her home, she would merely have to drive on North 1st Avenue and park in the free parking lot at the Maywood Courthouse.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

22. According to Google Maps, the trip would take about 16 minutes.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

23. In order for Iwona to travel to the Richard J. Daley Center Courthouse, she must take Interstate 290 East to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

130974164v1 0965399

24. According to Google Maps, this trip will take 28 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

25. The courthouse closest to Iwona's home is the Maywood Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

26. On April 29, 2014, Defendants caused an ex-parte judgment to be entered against Iwona in the Collection Case. *See* Exhibit A.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

27. On June 13, 2014, Defendants attempted to garnish Iwona's wages to satisfy the ex-parte judgment. *Id.*

**ANSWER:** **Upon information and belief, Defendant admits that on June 12, 2014, Blatt, on behalf of Defendant, filed an Affidavit for Wage Deduction Summons in the Collection Case against Plaintiff's employer. Defendant denies the remaining allegations in this paragraph.**

28. Iwona incurred costs, expenses, and suffered from emotional distress and mental anguish as a result of Defendants' actions.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## COUNT I -- VIOLATION OF THE FDCPA AGAINST BLATT

29. Iwona repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

130974164v1 0965399

**ANSWER:** **Defendant restates and re-alleges each of its responses to the preceding paragraphs as if fully restated and re-alleged herein.**

30. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

31. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA. Defendant denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations in this paragraph.**

32. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA. Defendant denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations in this paragraph.**

33. Blatt violated 15 U.S.C. §1692i(a)(2) when it caused an ex-parte judgment to be entered against Iwona in the Collection Case on April 29, 2014, at the Richard J. Daley Center Courthouse, a location some 8 miles further from Iwona's home than the Maywood Courthouse.

**ANSWER:** **The allegations in this paragraph are not directed at Defendant; therefore no response is required.**

34. The closest courthouse to Iwona's home is the Maywood Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

35. Blatt sued Iwona, on behalf of Midland, at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

**ANSWER:** **The allegations in this paragraph are not directed at Defendant; therefore no response is required.**

36. Blatt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **The allegations in this paragraph are not directed at Defendant; therefore no response is required.**

### COUNT II -- VIOLATION OF THE FDCPA AGAINST MIDLAND

37. Iwona repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:** **Defendant restates and re-alleges each of its responses to the preceding paragraphs as if fully restated and re-alleged herein.**

38. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

39. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA. Defendant denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations in this paragraph.**

130974164v1 0965399

40. 15 U.S.C. §1692i(a)(2) of the FDCPA prohibits *any legal action* brought by a debt collector in a location other than where the contract was signed or where the consumer resides.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA. Defendant denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations in this paragraph.**

41. Midland violated 15 U.S.C. §1692i(a)(2) when it caused an ex-parte judgment to be entered against Iwona in the Collection Case on April 29, 2014, at the Richard J. Daley Center Courthouse, a location some 8 miles further from Iwona's home than the Maywood Courthouse.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

42. The closest courthouse to Iwona's home is the Maywood Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

43. Midland directed Blatt to sue Iwona at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

44. Midland's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

### COUNT III -- VIOLATION OF ICFA AGAINST MIDLAND

45. Iwona restates and realleges paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:** **Defendant restates and re-alleges each of its responses to the preceding paragraphs as if fully restated and re-alleged herein.**

46. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any

>deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**ANSWER:** Defendant filed a Motion to Dismiss Count III; therefore no response is required.

47. Midland violated 815 ILCS 505/2 when it engaged in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect a debt from Iwona.

**ANSWER:** Defendant filed a Motion to Dismiss Count III; therefore no response is required.

48. Specifically, Midland's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive Iwona into believing that the First Municipal District is the venue where she must defend the case, when in fact, she would have been able to defend the Collection Case in the more convenient Maywood Courthouse.

**ANSWER:** Defendant filed a Motion to Dismiss Count III; therefore no response is required.

49. Midland regularly obtains judgments against consumers by knowingly filing collection actions against them in venues that are convenient for Midland, and its attorneys, and purposely inconvenient and discouraging for the consumer who may not otherwise have the means to travel the long distances.

**ANSWER:** Defendant filed a Motion to Dismiss Count III; therefore no response is required.

130974164v1 0965399

50. Midland's self-serving pattern and practice of filing collection actions against consumers, with actual knowledge that such a practice increases the probability of judgments against consumers, amounts to an unfair debt collection practice effectuated through the courts.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

51. Midland's pattern and practice described above amounts to an unfair, deceptive and improper use of the courts in connection with the collection of a debt.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

52. Midland's active concealment of the proper venue, for where it could file its collection action, constitutes a material misrepresentation made in the conduct of trade or commerce.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

53. Midland intended that Iwona rely on its misrepresentation in its attempts to obtain a judgment against her in the improper venue.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

54. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

130974164v1 0965399

55. Iwona was harmed by Midland's unfair and deceptive practices because she was led to believe she had to expend unnecessary time and energy traveling to the wrong venue.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

56. As pled in paragraph 28, Iwona was harmed by Midland's deceptive business practices.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

57. Moreover, these unfair and deceptive practices are part of a pattern and practice of behavior in which Midland routinely engages as part of its lucrative business model.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

58. An award of punitive damages is appropriate because Midland's conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and Iwona's rights thereunder.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

59. Furthermore, punitive damages are warranted to deter Midland from further harmful misconduct.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

60. As such, Iwona is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:** **Defendant filed a Motion to Dismiss Count III; therefore no response is required.**

130974164v1 0965399

**AFFIRMATIVE DEFENSES**

Defendant, Midland Funding, LLC, by and through its undersigned counsel, and for its Affirmative Defense to Plaintiff's Complaint, states as follows:

Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case. Here, Defendant relied, in good faith, upon the law firm it hired to file suit on its behalf within the proper venue mandated by existing law and encouraged by the Circuit Court of Cook County. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

WHEREFORE, Defendant, Midland Funding, LLC, respectfully requests that the Court grant it judgment on the claims in the complaint and grant such other and further relief in its favor as the Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


*/s/Katherine H. Tresley*
Katherine H. Tresley

David M. Schultz
Katherine H. Tresley
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
dschultz@hinshawlaw.com
ktresley@hinshawlaw.com

130974164v1 0965399

## **CERTIFICATE OF SERVICE**

I, Katherine H. Tresley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on January 21, 2015.

| | | |
|---|---|---|
| _x_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Mohammed O. Badwan, Esq. |
| ___ | Federal Express | SULAIMAN LAW GROUP, LTD. |
| ___ | E-Mail | 900 Jorie Blvd., Suite 150 |
| ___ | Messenger | Oak Brook, IL  60523 |
| | | Phone: (630) 575-8181 |
| | | Fax: (630) 575-8188 |
| | | mbadwan@sulaimanlaw.com |

Katherine H. Tresley  
David M. Schultz  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, IL 60601-1081  
Telephone:312-704-3000  
Facsimile:312-704-3001  
ktresley@hinshawlaw.com  
dschultz@hinshawlaw.com  

*/s Katherine H. Tresley*  
Katherine H. Tresley  
One of the Attorneys for Defendant  
Midland Funding LLC

130974164v1 0965399