**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IWONA PORTALATIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14 C 8271** |
| | ) | |
| **BLATT, HASENMILLER,** | ) | |
| **LEIBSKER & MOORE, LLC, and** | ) | |
| **MIDLAND FUNDING LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Iwona Portalatin sued Blatt, Hasenmiller, Leibsker & Moore, LLC, and Midland

Funding, LLC, alleging that Blatt and Midland violated the Fair Debt Collection Practices

Act (FDCPA), 15 U.S.C. § 1692i(a). Blatt, a law firm, filed a debt collection suit on

Midland's behalf against Portalatin in the Circuit Court of Cook County's First Municipal

District rather than its Fourth Municipal District, the district in which Portalatin resided.

Portalatin has since settled her dispute with Midland. Now, both Portalatin and Blatt

have moved for summary judgment regarding whether Blatt's act of filing suit in the First

Municipal District, allegedly in violation of the FDCPA, was the result of a "bona fide

error" or is otherwise subject to an affirmative defense under the statute. For the

reasons stated below, the Court denies Blatt's motion; grants Portalatin's motion with

regard to Blatt's affirmative defenses; and otherwise denies Portalatin's motion.

## Background

The following facts are undisputed. In October 2013, Blatt filed suit in the Circuit Court of Cook County against Portalatin on behalf of Midland Funding, LLC, to collect an outstanding consumer debt. *Midland Funding LLC v. Iwona Portalatin*, 2013-M1-154928 (Ill. Cir. Ct. Cook Cty.). Portalatin lives in Elmwood Park, Illinois, which is located within the Circuit Court of Cook County's Fourth Municipal District; the courthouse for that district is in Maywood. Rather than filing suit there, Blatt filed in the First Municipal District, whose courthouse is in downtown Chicago at the Richard J. Daley Center. The state court entered a default judgment against Portalatin in April 2014, and Blatt sought to enforce the judgment by wage garnishment a short time later.

Under the FDCPA, "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). Prior to July 2014, the Seventh Circuit defined "judicial district or similar legal entity" in Illinois as the Illinois Circuit Courts, not the intra-county districts used to determine venue in Cook County. *Newsom v. Friedman*, 76 F.3d 813, 820 (7th Cir. 1996). Under the Seventh Circuit's interpretation of the statute in *Newsom*, Blatt was entitled to file in any district in Cook County. In July 2014, however, the Seventh Circuit, sitting en banc, overruled *Newsom*, reinterpreting "judicial district or similar legal entity" to mean the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med–1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc).

Portalatin filed this lawsuit on October 21, 2014, alleging that Blatt violated the FDCPA when it filed the debt collection action against her in the First Municipal District rather than the Fourth.  Blatt denies that Portalatin is a "consumer" and denies her allegations that she suffered actual damage.  Blatt admits, however, that it may be considered a "debt collector" that filed a collection action in a judicial district other than the one in which the debtor resided or signed a contract giving rise to the debt.  Blatt contends, however, that it is not liable under the FDCPA because its decision to file in the First Municipal District was predicated on its reasonable reliance on the Seventh Circuit's then-controlling holding in *Newsom*.

## Discussion

The parties have now cross-moved for summary judgment.  A party is entitled to summary judgment if it shows that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the Court views the record in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  On cross-motions for summary judgment, the Court assesses whether each movant has satisfied the requirements of Rule 56.  *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005); *see also Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013).

Congress protects the interests of debtors through the FDCPA, which imposes civil liability on debt collectors who fail to comply with a variety of restrictions and

requirements that guide the process of debt collection. *See* 15 U.S.C. § 1692k(a).

Under the FDCPA, debt collectors may communicate with debtors only at certain times

of day. *Id.* § 1692c. They may contact third parties only to seek a debtor's contact

information and typically may do so only once. *Id.* § 1692b. They are strictly prohibited

from harassing or abusing debtors by making threats or using obscene or profane

language. *Id.* § 1692d. They may not make false representations regarding a debt's

character, amount, or legal status, *id.* § 1692e(2), and they may not use unconscionable

means to collect on a debt, *id.* § 1692f. They are also required to sue in "the judicial

district or similar legal entity" in which the debtor resides or in which the underlying

contract was signed. *Id.* § 1692i(a).

The FDCPA also provides some safeguards for debt collectors who take

appropriate measures to comply with the statute. Under the statute's "bona fide error"

defense, "[a] debt collector may not be held liable . . . if the debt collector shows by a

preponderance of evidence that the violation was not intentional and resulted from a

bona fide error notwithstanding the maintenance of procedures reasonably adapted to

avoid any such error." *Id.* § 1692k(c). Under the statute's "safe harbor" provision, debt

collectors are not liable for acts done or omitted "in good faith in conformity with any

advisory opinion of the [Consumer Financial Protection Bureau (CFPB)],

notwithstanding that after such act or omission has occurred, such opinion is amended,

rescinded, or determined by judicial or other authority to be invalid for any reason." *Id.*

§ 1692k(e).

The gist of Blatt's argument is that it is inappropriate to impose civil liability on a

debt collector who followed controlling circuit precedent in determining where to file suit.

Blatt grounds this argument on three statutory bases. First, Blatt argues that its reliance on *Newsom* was a bona fide error within the meaning of section 1692k(c). Second, it contends that its reliance on controlling circuit court precedent entitles it to the safe harbor protection of section 1692k(e). Finally, Blatt says that even if relying on *Newsom* was not a bona fide error or protected under the safe harbor provision, *Suesz* should not be applied retroactively because doing so would frustrate the FDCPA's purpose. Blatt argues that both provisions evince Congress's intent to protect debt collectors who do their best to conform their behavior to the law and that it should not be held liable because it made reasonable efforts to do that.

Portalatin, for her part, argues that summary judgment should be granted in her favor because none of these affirmative defenses is valid and there is no dispute regarding the material facts: Blatt is a debt collector who brought suit against a consumer in the First Municipal District, a district in which the debt was not incurred and the consumer did not reside.

## A.    Blatt's affirmative defenses

The primary focus of the parties' dispute is whether the bona fide error defense protects Blatt from liability. To qualify for the bona fide error defense, a defendant must show that: (1) the FDCPA violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the defendant maintained procedures reasonably adapted to avoid such error. *See* 15 U.S.C. § 1692k(c); *Ruth v. Triumph P'ships*, 577 F.3d 790, 803 (7th Cir. 2009). The parties here dispute only the second element of the defense: whether Blatt's reliance on *Newsom* was a bona fide error.

Portalatin contends that the Supreme Court has addressed this precise issue,

5

holding that "bona fide errors in § 1692k(c) do not include mistaken interpretations of the FDCPA." *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, 559 U.S. 573, 587 (2010). In *Jerman*, a debt collector in Ohio (in the Sixth Circuit) sent notice to a consumer that the consumer's debt would be presumed valid unless disputed in writing. The Sixth Circuit had not addressed whether an "in writing" requirement violated the FDCPA, and courts at the time were split on the issue. *Compare Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (holding that an "in writing" requirement is not an FDCPA violation), *with Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) (holding that an "in writing" requirement violates the FDCPA). When sued for violating the FDCPA, the debt collector asserted that its reliance on the Third Circuit's decision in *Graziano* was a bona fide error, a mistake of law that the collector took reasonable measures to avoid. The Supreme Court rejected this argument, holding that the bona fide error defense does not "shield violations resulting from misinterpretations of the requirements of the Act." *Jerman*, 559 U.S. at 588.

Blatt argues that *Jerman* is not on point. Blatt reasons that *Jerman* narrowly held that the bona fide error defense does not protect debt collectors who exercise legal judgment to incorrectly interpret the FDCPA, even where that interpretation is endorsed by a court in another jurisdiction. Blatt insists that *Jerman* precludes the bona fide error defense only for that type of legal error, not an error that involved a debt collector's compliance with controlling circuit precedent. Drawing heavily on the Seventh Circuit's decision in *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530 (7th Cir. 2005), Blatt insists that in relying on *Newsom*, it exercised no legal judgment of its own; rather, it was the Seventh Circuit, a government entity vested with interpretive authority, that

exercised legal judgment and furnished an incorrect interpretation of the FDCPA to Blatt and other debt collectors in Illinois.  Blatt also cites *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 14 C 6447, 2015 WL 4253795 (N.D. Ill. July 14, 2015), in which another judge in this district granted summary judgment in Blatt's favor because its "reliance on *Newsom* was not a legal error that would preclude application of the FDCPA's bona fide error defense."  *Id.* at *4.

But *Jerman* is not so narrow, and *Kort* is not so broad.  In *Kort*, the debtor procured a student loan governed by the Higher Education Act (HEA), 20 U.S.C. § 1070, and administered by the Department of Education (DOE).  *Kort*, 394 F.3d at 532.  Under the HEA, loan guarantors could administratively garnish debtors' wages, but before they could do so, they were required to give notice to the debtor.  *Id.* at 533.  To ensure compliance with the HEA, the DOE drafted a form notice that guarantors and their agents were required to use when they instituted garnishment proceedings.  *Id.* at 533–34.  The debt collector in *Kort* copied this language verbatim in the notice it sent to the debtor.  *Id.* at 534.  But by using the precise—and mandatory—language contained in the DOE's form notice, the debt collector had arguably violated the FDCPA.  *Id.*  Put differently, the debt collector in *Kort* relied on the DOE's interpretation of the HEA, a statute it administered, and wound up violating the FDCPA by obeying the DOE's compulsory instructions.

A few important distinctions separate *Kort* from this case.  First, the debt collector in *Kort* was not relying on another entity's incorrect interpretation of the FDCPA; it was relying on another entity's interpretation of an entirely different statute.  In contrast, Blatt says it relied on the Seventh Circuit's interpretation of the FDCPA itself.  As the

Supreme Court has concluded, misinterpretations of the FDCPA are not protected by the bona fide error defense.  *See Jerman*, 559 U.S. at 588.

More importantly, the DOE's mandatory instructions created a catch-22 for the defendant in *Kort* that does not exist in this case.  Nothing required Blatt to file suit in the First Municipal District.  The court in *Newsom* interpreted the FDCPA to permit a debt collector to file suit in whatever courthouse it wished, so long as the courthouse was within the proper county.  Blatt exercised its own judgment when it chose to file at the Daley Center instead of the Maywood courthouse.

Blatt argues that *Jerman* is distinguishable because the debt collector there relied on non-binding precedent in the context of a circuit split, whereas *Newsom* was controlling precedent and no circuit split existed.  In other words, *Jerman* was a case in conflicting interpretations had been offered and the debt collector exercised legal judgment when it opted for one interpretation over the other.  But, says Blatt, where a debt collector in a particular circuit adheres to the established precedent of that circuit's court of appeals, it is not exercising judgment of its own and thus cannot be held liable. But *Jerman* does not distinguish between debt collectors who exercise independent legal judgment and those who do not.  And even if it did, Blatt's argument would fall flat because the firm *did* exercise legal judgment:  it chose to file in downtown Chicago when it just as easily could have filed, appropriately, in the Fourth Municipal District.

Blatt also argues that the safe harbor provision in section 1692k(e) reflects Congress's intent to protect debt collectors from changes in decisional law that convert lawful conduct into unlawful conduct.  But section 1692k(e) does no such thing.  Rather, it provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot

be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision. *See* 15 U.S.C. § 1692k(e). As the Supreme Court explained in *Jerman*, the whole point of authorizing the CFPB to produce advisory opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA. *See Jerman*, 559 U.S. at 587–88. There is no basis to read this specifically focused statute as applying to purportedly authoritative interpretations of the FDCPA issued by courts.

Finally, Blatt argues that *Suesz* should not be applied retroactively. But the Seventh Circuit rejected a similar contention in *Suesz* itself. *Suesz* dealt with a debt collection action in Marion County, Indiana. *Suesz*, 757 F.3d at 637. Like Illinois, Indiana subdivides its counties into smaller geographic areas for venue purposes; Indiana's equivalent to an Illinois municipal district is a township. *Id.* at 640. The debt collector in *Suesz*, relying on *Newsom*, filed suit in Pike Township Small Claims Court even though the debt arose in Lawrence Township. *Id.* at 638. The defendant argued that if the court decided to overrule *Newsom*, it should do so only prospectively because the defendant acted in reasonable reliance upon the settled law of the circuit. *Id.* at 649–50. The Seventh Circuit rejected this argument, explaining that although the Supreme Court has left some room to give rulings in civil cases only prospective effect to avoid injustice or hardship, prospective overruling is the exception, not the rule. *See id.*

The Seventh Circuit gave no indication that it intended its holding to apply retroactively only in that particular case, and there is no good reason to read *Suesz* that way. Prospective decision-making is unusual and disfavored, in large part because it is

9

inconsistent with the judicial role.  *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 537–38 (1991) (plurality opinion); *see also Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993); *Am. Trucking Ass'ns v. Smith*, 496 U.S. 167, 201 (Scalia, J., concurring in the judgment); *Kuhn v. Fairmont Coal Co.*, 215 U.S. 349, 372 (1910) ("Judicial decisions have had retrospective operation for near a thousand years.") (Holmes, J., dissenting).  Moreover, although a court may take equitable factors into account when determining whether a new rule should apply only prospectively, the Supreme Court has held that "it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so."  *James B. Beam Distilling Co.*, 501 U.S. at 540.

It is true that Blatt's claimed reliance on *Newsom*'s definition of "judicial district or similar legal entity" was more justifiable than that of the debt collector in *Suesz*, because *Newsome*, like the present case, involved Cook County, not courts in Indiana.  But the Seventh Circuit did not apply its holding in *Suesz* retroactively because it was unreasonable for debt collectors in Marion County to rely on a case about Illinois courts. Rather, it did so because "a prior decision of one intermediate appellate court does not create the degree of certainty concerning an issue of federal law that would justify reliance so complete as to justify applying a decision only prospectively in order to protect settled expectations."  *Suesz*, 757 F.3d at 649–50.  In short, by its own terms, *Suesz* applies retroactively—to Marion County debt collectors and Cook County debt collectors alike.

The Court notes that in *Oliva* (a virtually identical case in this district in which Blatt was the defendant), Judge Elaine Bucklo agreed with Blatt regarding both

retroactivity and bona fide error. Reasoning that it is fundamentally different for a Cook County debt collector to rely on controlling circuit precedent regarding the filing of debt collection actions in Cook County than for a Marion County debt collector to do so, the court held that *Suesz*'s retroactivity holding only applied to the defendant in *Suesz*, and it suggested that "[i]f the Seventh Circuit had overruled *Newsom* in a case involving a Cook County collection suit, the court may well have applied its ruling only on a prospective basis." *Oliva*, 2015 WL 4253795, at *4. The court then concluded that Blatt's reliance on *Newsom* was therefore bona fide error. *Id.* The undersigned judge respectfully disagrees with Judge Bucklo for the reasons outlined in this decision.

For these reasons, the Court denies Blatt's motion for summary judgment and grants summary judgment in Portalatin's favor with regard to Blatt's affirmative defenses.

## B.    Portalatin's claim

Although Blatt's affirmative defenses do not shield it from liability under the FDCPA, Portalatin cannot secure summary judgment in her favor without proving the elements of her claim. Portalatin must show that: (1) Blatt is a debt collector; (2) it brought a legal action on a debt; (3) Portalatin is a consumer, meaning that she was "obligated to pay [a] debt" incurred "primarily for personal, family, or household purposes"; and (4) Blatt did not bring its debt collection suit in the judicial district or similar legal entity in which Portalatin signed the contract giving rise to the debt or resided at the time of suit. *See* 15 U.S.C. §§ 1692a, 1692i, 1692k; *Serna v. Law Office of Joseph Onwuteaka, P.C.*, No. 14-20574, 2015 WL 3526977, *4 (5th Cir. June 5, 2015).

11

Blatt argues that Portalatin has failed to establish that she incurred her debt primarily for personal, family, or household purposes. Portalatin does not address this question in her memorandum in support of summary judgment. In her statement of uncontested facts, she relies on her deposition testimony to assert that she opened a revolving credit card account for personal use and that her failure to make payments on that account was what gave rise to the debt upon which Blatt sued. But as Blatt has pointed out, the deposition testimony upon which Portalatin relies does not address the primary purpose of her debt. Thus Portalatin has failed to establish an entitlement to entry of judgment in her favor.

### Conclusion

For the foregoing reasons, the Court denies Blatt's motion for summary judgment [dkt. no. 48]; grants Portalatin's motion for summary judgment [dkt no. 53] with regard to Blatt's affirmative defenses based on 15 U.S.C. § 1692k(c) and 15 U.S.C. § 1692k(e); and otherwise denies Portalatin's motion. The case is set for a status hearing on September 16, 2015 at 9:30 a.m. for the purpose of setting a prompt trial date and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  August 28, 2015