IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IWONA PORTALATIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:14-cv-08271 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| BLATT, HASENMILLER, LEIBSKER & ) | |
| MOORE, LLC and MIDLAND FUNDING, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER
OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM
THE JUDGMENT (FILED UNDER SEAL)**

NOW COMES defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its undersigned attorneys, and in support of its motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, to grant relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(5), on the grounds that the award for statutory damages must be set off or deemed satisfied by the settlement plaintiff previously entered into with co-defendant Midland Funding, LLC ("Midland"), states as follows:

**BACKGROUND**

This case arises out of a debt collection lawsuit filed against plaintiff Iwona Portalatin on October 7, 2013 by Midland in the Cook County Circuit Court. (Compl., ¶ 10, Dkt. 1, Ex. A thereto.) On October 21, 2014, plaintiff filed this lawsuit alleging that Midland and BHLM, the attorneys who filed the Collection Case for Midland, violated the venue provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692i(a)(2), by filing the case at the Daley Center, in the First Municipal District of the Cook County Circuit Court, rather than at the Maywood courthouse, located in the Fourth Municipal District, where plaintiff resides.

During discovery in this litigation, when asked to identify all damages she claims to have incurred in connection with her claims, plaintiff responded:

> i) **Actual damages:** $20.00 in travel expenses incurred for travel to the Daley Center. Lost wages in the amount $144.00 [sic] as Plaintiff took two days off of work to travel to the Daley Center in defense of the collection case. Ex-parte judgment in the amount of $1,330.75 entered against Plaintiff in the collection case.
> ii) **Statutory damages**: up to $1,000 pursuant to the FDCPA.
> ...
> v) **Emotional Damages**: Plaintiff cannot monetize general unliquidated compensatory damages. That is the responsibility of the trier of fact.

(Pl.'s Resp. to Midland Interrogatory No. 11, attached hereto as Exhibit 1.)[1] While plaintiff claims the lost wages of $144 and the judgment amount of $1,330.75, she cannot tie those amounts to the venue violation. Plaintiff admitted in her deposition that she would have had to take time off of work to defend the action at the Maywood courthouse. (Deposition of Iwona Portalatin, attached hereto as Exhibit 2, at 54:6-13 ("Q. If the case had originally been filed in the Maywood Courthouse, you would have had to take off time from work to go there as well, correct? A. Or I could ask for -- here I have no choice. Q. Right. So my point is if it was the same date in Maywood. A. *Of course I have to take a day off. You ask about the expense. Either way would be expenses*.") (emphasis added). In addition, the judgment would have been rendered against her regardless of the venue as she did not deny that she owed the debt. Plaintiff also never *paid* the judgment, so she has not incurred any damage resulting from it. Accordingly, the only actual damages plaintiff could recover was the $20 in travel expenses. With regard to plaintiff's claim for emotional damages, again, she is unable to tie it to the venue violation. Plaintiff testified in her deposition that her emotional distress stemmed from the mere

---

[1] Although plaintiff's complaint alleges that she paid a $176.00 appearance fee (Compl., ¶ 11), she admitted in her deposition that this was not true and, in fact, her appearance form states, in block bold letters across the face of the page, "**FEE WAIVED**." (*See* Portalatin Dep. Ex. 2, attached here as Exhibit 3; Portalatin Dep. at 10:19-12:3; 44:11-45:11; 48:20-50:10.)

filing of the collection lawsuit, not its venue. (Portalatin Dep., Ex. 2, at 57:2-7) ("Q. The stress and the frustration you are describing, it was just because the collection lawsuit was filed against you? A. Of course. Q. That was the only reason? A. Yes, Yeah.").

On August 28, 2015, the Court entered summary judgment in favor of plaintiff on BHLM's affirmative defenses. (Dkt. 67.) Thereafter, plaintiff abandoned any claim for actual damages. (September 24, 2015 Hearing Transcript, attached hereto as Exhibit 4, at 5:18-6:2.) As such, the only issue remaining for trial was whether plaintiff was entitled to an award of "statutory damages" pursuant to 15 U.S.C. §1692k(b)(1).

On November 10, 2015, plaintiff filed a stipulation (Dkt. 75) voluntarily dismissing Midland from this case based on a settlement those parties reached. On November 19, 2015, pursuant to this Court's order at the pretrial conference, plaintiff produced a copy of the settlement agreement to defendant's counsel. (Settlement Agreement, attached hereto as Exhibit 5.) Pursuant to the terms of the settlement, plaintiff and Midland resolved all claims[2] arising out of the facts alleged in or capable of being alleged in this action. (*Id.* at ¶ 4.) The settlement provided that Midland ███████████████████████████████████████ ███. (*Id.* at ¶¶ 1-2.) Plaintiff signed the settlement agreement on October 9, 2015, after she had abandoned her claim for actual damages.

On November 20, 2015, BHLM filed a motion to dismiss on the grounds of that the settlement with Midland rendered plaintiff's claims moot. (Dkt. 91.) On November 23, 2015, the Court denied the motion without prejudice. (Dkt. 98.)

---

2 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3

Plaintiff and BHLM tried the issue of statutory damages before a jury on November 23, 2015 and November 24, 2015. The jury returned a verdict for plaintiff in the amount of $200. (Dkt. 101.)

**ARGUMENT**

A motion under Rule 59(e) to alter or amend the judgment is an appropriate vehicle to request a setoff of a jury verdict. *See Zivitz v. Greenberg,* 279 F.3d 536, 539 (7th Cir. 2002). As the Seventh Circuit has recognized, "[a] judgment that can be read to allow a plaintiff to recover twice for the same injury contains a manifest error of law." *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 642 (7th Cir. 2011). Similarly, a Rule 60(b)(5) motion for relief from a judgment is also a proper method to prevent the plaintiff from receiving a double recovery. *Duran*, 653 F.3d at 642 n.3; *see also* Fed. R. Civ. P. 60(b)(5) (providing that "the court may relieve a party ... from a final judgment ... [if] the judgment has been satisfied, released, or discharged....").

Setoff is "a procedural device for adjusting a verdict to avoid a windfall to the plaintiff." *Smith v. Altman*, No. 12 C 4546, 2015 WL 5610750, at *1 (N.D. Ill. Sept. 21, 2015). Here, the judgment must be offset or deemed satisfied in order to prevent a double recovery. *See Duran*, 653 F.3d at 642 ("The [defendant's] Rule 59(e) motion proposed nothing more than an obvious fix for a glaring double-recovery problem in the judgment.").

**A.**   **BHLM Is Entitled to a Setoff in the Amount of the Midland Settlement.**

A plaintiff "is entitled to only one full compensation for any single, indivisible injury caused by the defendants, who are each jointly and severally liable for that injury." *Minix v. Canarecci*, 597 F.3d 824, 829-30 (7th Cir. 2010). Under the FDCPA, a plaintiff's maximum recovery is any actual damages plus $1,000 in statutory damages. *See* 15 U.S.C. § 1692k(a). The statutory damages are per proceeding, not per defendant. *See Wright v. Fin. Serv. of*

4

*Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not $1,000 per violation."); *Harper v. Better Business Services, Inc.,* 961 F.2d 1561, 1563 (11th Cir. 1992) ("[T]he plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000."); *Green v. Monarch Recovery Mgmt.,* No. 1:13–CV–00418, 2013 WL 5203809, at *2 (S.D. Ind. Sept. 16, 2013) ("the maximum statutory damages for this suit is $1,000 total, not per defendant"); *Martinez v. Scott,* No. H–10–1619, 2011 WL 3566970, at *5 (S.D. Tex. Aug. 12, 2011) ("While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA violations, they cannot recover this amount from each defendant."); *Morgan v. Acct. Collection Tech., LLC,* No. 05–CV–2131, 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006) (holding that "[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive *per proceeding,* not per defendant"); *Evanauskas v. Strumpf,* No. Civ. A. 300CV1106, 2001 WL 777477, at *6 n. 6 (D. Conn. June 27, 2001) (rejecting the plaintiff's argument that "the court should award ... a single plaintiff separate statutory damage awards from multiple defendants" and finding that "statutory damages are limited to $1,000 per action").[3]

The jury award must be reduced by the settlement amount. Under the single satisfaction rule, "a plaintiff is entitled to only one satisfaction for a single injury." *Phoenix Bond & Indem. Co. v. Bridge*, No. 05 C 4095, 2012 WL 8706, at *1 (N.D. Ill. Jan. 2, 2012). This rule "operates

---

[3] The cases plaintiff relied upon in arguing that statutory damages are awarded per defendant rest on the theory that separate damages should be assessed when the two defendants ***independently*** violate the FDCPA. Here, the alleged violations arise from the same conduct (the filing of the collection action) to which the plaintiff sought to hold Midland jointly liable. Where the conduct is based on joint and several liability or vicarious liability, courts have uniformly limited the damages to $1,000 per action as opposed to per defendant. *See, e.g., Wilson v. NACM-Oregon Serv. Co.*, No. 3:12-CV-01515-ST, 2013 WL 6780627, at *11 (D. Or. Dec. 19, 2013) (citing cases and finding that statutory damages can be imposed against more than one debt collector in a single proceeding ***only*** "if it is established by the plaintiff that each debt collector ***independently*** violated the FDCPA," but because the plaintiff named the defendants "for the purpose of joint and several liability," the damages were appropriately limited).

5

to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.,* 517 F.3d 1271, 1277 (11th Cir. 2008). Under this rule, "amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *Phoenix Bond*, 2012 WL 8706, at *1. "Non-settling defendants 'are entitled to a reduction in the judgment against them by the amounts received by [plaintiff] in settlement of claims for the same injury.'" *Id.* (quoting *BUC Int'l Corp.,* 517 F.3d at 1278). "In cases where the trial award results in an overcompensation in the settlement to the plaintiff, the district court should negate the jury award." *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731 (4th Cir. 2000) (reducing $90,000 jury verdict to zero as an offset to the amount received by the plaintiff in the prior settlement); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600-01 (2d Cir. 1989) (stating that a court will not help a plaintiff achieve a total recovery that exceeds the amount received in the litigated case and that the reduction will be assessed against the court judgment).

Here, the jury determined that plaintiff was only entitled to $200 in statutory damages. Plaintiff abandoned any claim for actual damages prior to the settlement, but even allowing for her actual damages, they amount to, at most, $164 accounting for her lost wages and travel costs. The Midland settlement encompassed all damages and all claims associated with plaintiff's alleged injury – the settlement agreement did not allocate or apportion specific damages. Indeed, plaintiff admitted that the damages in the Midland settlement are unspecified. (Dkt. 96 at 2). That is plaintiff's doing – not BHLM's – and she cannot go back now and attempt to "allocate" the settlement to avoid a reduction in the judgment. "A plaintiff may not, by signing a settlement agreement that is ambiguous or that does not allocate settlement amounts, deprive a defendant of a credit to which the defendant is otherwise entitled." *Grand Acadian, Inc. v. United States*, 105

Fed. Cl. 447 (2012). The Third Circuit has elucidated on the standard that applies in such circumstances:

> where a plaintiff executes a general settlement instrument which settles multiple claims with a defendant, but a non-settling defendant is not a party to that agreement, the non-settling defendant need show only that the plaintiff settled a claim on which the non-settling defendant was found liable at trial. If the defendant makes this showing, the burden then shifts to the plaintiff to prove that, under the terms of its agreement with the settling defendant, the settlement or part thereof did not represent damages arising under the same theory of liability as those forming the basis for the jury award. The view we adopt is consistent with the rule that a settling plaintiff is entitled to only one full recovery while at the same time it protects the plaintiff from the application of amounts received in settlement of unrelated claims.

*Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 436 (3d Cir. 1993).

Plaintiff's claims against Midland did "represent damages arising under the same theory of liability as those forming the basis for [any] jury award" against BHLM. She cannot avoid this. Plaintiff's Illinois Consumer Fraud Act claim does not entitle her to a second set of damages; it derives from the same theory of liability, the same injury and the same actual damages. Bringing multiple claims does not permit a plaintiff to recover twice. "[D]amages are not assessed 'by defendant' or 'by claim' but 'for' an injury." *Duran*, 653 F.3d at 640.

Therefore, because the release, by its terms, encompasses the same injury, plaintiff cannot escape its reach. She cannot now attempt to allocate the settlement proceeds in order to avoid setoff. *See Janusz v. City of Chicago*, No. 03 C 4402, 2012 WL 1658302, at *9 (N.D. Ill. May 10, 2012) (explaining that a settlement cannot be allocated in an attempt to deprive a nonsettling party of its right to setoff). "[T]he law, that is, does not permit a plaintiff to recover double payment." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (U.S. 1971).

Plaintiff's claims as to BHLM and Midland arise from the same set of facts, and in fact, any liability on the part of Midland is derivative of BHLM's filing of the collection case. In fact,

plaintiff conceded that BHLM is entitled to an offset from the Midland settlement. (Dkt. 96 at 8.) The jury awarded plaintiff $200 in statutory damages. The Midland settlement provided plaintiff with ▮ in exchange for a release of all claims and damages arising from the lawsuit. Regardless of how the settlement proceeds are allocated, plaintiff has, at a minimum, benefited from the settlement in the amount of ▮. Accordingly, the jury award should be reduced to zero.

**B.**	**The Midland Settlement Satisfies the Judgment.**

As set forth above, plaintiff's claims against BHLM and Midland derive from the same purported injury, for which plaintiff can recover only once. Any allocation of the settlement proceeds to plaintiff would satisfy the $200 judgment. In fact, even if plaintiff contends that the entire settlement proceeds of ▮ went to her attorneys, she still obtained the value of ▮ ▮, which is well in excess of the claimed actual damages and awarded statutory damages. As such, plaintiff's injury has been fully satisfied by the Midland settlement. Accordingly, BHLM should be relieved from the judgment pursuant to Rule 60(b)(5).

## CONCLUSION

For the foregoing reasons, BHLM's motion should be granted and the judgment should be remitted to zero or deemed satisfied.

8

Dated: December 22, 2015    BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

              By: /s/David L. Hartsell

                 David L. Hartsell
                 Helen D. Arnold
                 McGUIREWOODS LLP
                 77 W. Wacker Drive, Suite 4100
                 Chicago, Illinois 60601-1818
                 (312) 849-8100
                 (312) 849-3690 (fax)
                 dhartsell@mcguirewoods.com
                 harnold@mcguirewoods.com

                 Laura A. Lange
                 McGUIREWOODS LLP
                 625 Liberty Avenue, 23rd Floor
                 Pittsburgh, Pennsylvania 15222
                 (412) 667-6700
                 (412) 667-7961 (fax)
                 llange@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE JUDGMENT (FILED UNDER SEAL)** was electronically filed with the Clerk of the Court using the CM/ECF system on December 22, 2015, which constitutes service on below counsel who are registered electronic filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9:

>Mohammed O. Badwan
>Ahmad Tayseer Sulaiman
>Daniel J. McGarry
>Ross M. Zambon
>Sulaiman Law Group, Ltd.
>mbadwan@sulaimanlaw.com
>ahmad.sulaiman@sulaimanlaw.com
>dmcgarry@sulaimanlaw.com
>rzambon@sulaimanlaw.com
>
>Nicholas H. Wooten
>Nick Wooten, LLC
>nick@nickwooten.com
>
>Majdi Y. Hijazin
>Law Offices of Majdi Y. Hijazin, Ltd.
>mhijazin@hijazinlaw.com
>
>David M. Schultz
>Katherine H. Tresley
>Hinshaw & Culbertson
>dschultz@hinshawlaw.com
>ktresley@hinshawlaw.com

/s/David L Hartsell

73277828_2