IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IWONA PORTALATIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BLATT, HASENMILLER, )<br>LEIBSKER & MOORE, LLC, and )<br>MIDLAND FUNDING LLC, )<br>)<br>Defendants. ) | Case No. 14 C 8271 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Iwona Portalatin sued Blatt, Hasenmiller, Leibsker & Moore, LLC, and Midland Funding, LLC, alleging that they violated the venue provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692i(a). Portalatin also alleged that Midland violated the Illinois Consumer Fraud Act (ICFA), 815 ILCS 505/2. Portalatin's claims were based on her allegation that Blatt, a law firm, filed a debt collection suit against her on Midland's behalf in the Circuit Court of Cook County's First Municipal District rather than in its Fourth Municipal District, where Portalatin resided. Portalatin settled with Midland in July 2015 but proceeded to trial on her FDCPA claim against Blatt. In November 2015, a jury found in favor of Portalatin and awarded her $200 in statutory damages. Pursuant to Federal Rule of Civil Procedure 59(e), Blatt has moved to alter or amend the judgment, or alternatively for relief from judgment pursuant to Rule 60(b)(5). For the reasons stated below, the Court denies Blatt's motion.

**Background**

The Court assumes familiarity with the facts of this case and will summarize them only briefly here. A more detailed recounting of Portalatin's allegations can be found in the Court's August 28, 2015 decision on the parties' cross-motions for summary judgment. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2015 WL 5117077, at *1 (N.D. Ill. Aug. 28, 2015).

In October 2013, Blatt filed suit in the Circuit Court of Cook County against Portalatin on behalf of Midland to collect an outstanding consumer debt. *Midland Funding LLC v. Iwona Portalatin*, 2013-M1-154928 (Ill. Cir. Ct. Cook Cty.). Portalatin lives in Elmwood Park, Illinois, which is located within the Circuit Court of Cook County's Fourth Municipal District; the courthouse for that district is in Maywood. Rather than filing suit there, Blatt filed in the First Municipal District, the courthouse for which is in downtown Chicago at the Richard J. Daley Center. The state court entered a default judgment against Portalatin in April 2014, and Blatt sought to enforce the judgment by wage garnishment a short time later.

Under the FDCPA, "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). Portalatin filed this lawsuit in October 2014. In Count 1, she alleged that Blatt violated the FDCPA "when it caused an ex-parte judgment to be entered against [Portalatin] in the Collection Case on April 29, 2014, at the Richard J. Daley Center Courthouse, a location some 8 miles further from [her] home than the Maywood Courthouse." Pl.'s

Compl., dkt. no. 1, ¶ 33. In Count 2, Portalatin made an identical allegation against Midland, *id.* ¶ 41, based on the contention that "Midland directed Blatt to sue [Portalatin] at a remote courthouse in order to discourage her from appearing and defending the Collection Case." *Id.* ¶ 43. In Count 3, Portalatin alleged that Midland violated the ICFA because it knowingly filed in the wrong judicial district in order to deceive Portalatin. *Id.* ¶ 48. Portalatin did not assert a claim under the ICFA against Blatt. On her FDCPA claims against both defendants, Portalatin sought actual damages, statutory damages, and costs and attorney's fees. On her ICFA claim against Midland, Portalatin sought actual damages, punitive damages, and costs and attorney's fees.

In late July 2015, Portalatin filed a notice of settlement with Midland. On September 28, 2015, Portalatin and Midland signed a "confidential settlement agreement and release of claims." In it, Midland agreed to pay Portalatin five thousand dollars and to release her from any and all claims related to the account it sought to collect in the initial collection action. In exchange, Portalatin agreed to release Midland from any and all claims she had against it, known or unknown.

In late September 2015—after Portalatin filed notice of her settlement with Midland, but before the settlement agreement was signed—Portalatin's counsel indicated in open court that she would no longer be seeking actual damages from Blatt. With only the issue of FDCPA statutory damages against Blatt remaining, the Court scheduled a two-day jury trial for late November 2015. Shortly before trial began, Blatt moved to dismiss Portalatin's suit. In its motion, Blatt argued that the case was moot because Midland's settlement fully compensated Portalatin for any and all damages she could possibly recover against all defendants, including Blatt. The Court denied Blatt's

motion in an oral ruling, and the case proceeded to trial. The jury returned a verdict awarding Portalatin $200 in statutory damages.

Blatt has now moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), again based on its contention that Midland's settlement fully compensated Portalatin for all of the monetary relief she could recover in her lawsuit. Blatt seeks a setoff of the jury's verdict, asking this Court to reduce the amount awarded to zero. Alternatively, Blatt requests relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).

## Discussion

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Such a manifest error of law occurs when a judgment "can be read to allow a plaintiff to recover twice for the same injury." *Duran v. Town of Cicero*, 653 F.3d 632, 642 (7th Cir. 2011). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Harrington*, 433 F.3d at 546. Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quotation marks omitted). Rule 59, on the other hand, demands slightly less; a movant need only "clearly establish" grounds for relief. *Harrington*, 433 F.3d at 546.

The FDCPA permits plaintiffs to recover actual damages from defendants who engage in unlawful debt collection activities, in addition to attorney's fees and costs. Plaintiffs may also recover a limited amount of statutory damages. The FDCPA

4

provides, in pertinent part:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
>> (1) any actual damages sustained by such person as a result of such failure;
>>
>> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000; . . .
>>
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a).

On the eve of trial, Blatt moved to dismiss this case based on the contention that no live controversy existed between itself and Portalatin. Blatt argued that because the FDCPA only permits an individual to recover statutory damages "not exceeding $1000," she could only recover one thousand dollars from Blatt and Midland collectively. Blatt argued that via her settlement with Midland, Portalatin had recovered all that she could possibly recover under the statute. This was especially true, argued Blatt, because Portalatin had "abandoned any claim for actual damages," so the most she could possibly recover was a thousand dollars in statutory damages and reasonable costs and fees.

The Court denied Blatt's motion but determined that it did not need to decide whether the FDCPA's cap on statutory damages applied to defendants collectively or individually. Portalatin had originally sought actual damages in addition to the statutory damages provided under the FDCPA, and it was not clear that she had abandoned her claims for other damages prior to settling. The language of the settlement agreement

5

with Midland did not indicate that her settlement was intended to cover the full extent of possible statutory damages she could recover in her suit. The Court concluded that the case was not moot and could proceed to trial.

The parties dispute whether the FDCPA's statutory damages cap applies on a per-lawsuit or a per-defendant basis, but the Court need not resolve that question, on which there is no binding Seventh Circuit authority. More important is the fact that Portalatin sought damages from Midland above and beyond the statutory damages she could receive under the FDCPA. Specifically, Portalatin sought actual damages under the FDCPA as well as actual damages—from Midland alone—under the ICFA, which allows for actual damages related to "aggravation and inconvenience" when accompanied by actual economic injuries. *See Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 403, 911 N.E.2d 1049, 1054 (2009); *Roche v. Fireside Chrysler–Plymouth, Mazda, Inc.*, 235 Ill. App. 3d 70, 86, 600 N.E.2d 1218, 1228 (1992). Portalatin also sought punitive damages against Midland under the ICFA, and she sought attorney's fees under both the FDCPA and the ICFA. As mentioned above, Portalatin continued to pursue recovery of all of these types of relief against Midland until she settled with Midland.

For these reasons, even if the FDCPA permits only one recovery of statutory damages from multiple defendants in a case like this one, Portalatin's settlement with Midland is reasonably attributable to other types of relief, some of which she did not seek against Blatt (actual and punitive damages under the ICFA). Accordingly, Portalatin did not achieve double recovery via the settlement with Midland and the $200 judgment against Blatt, and no setoff is required.

6

**Conclusion**

For the foregoing reasons, the Court denies Blatt's motion to alter or amend the judgment, or in the alternative for relief from judgment [dkt. no. 105]. The ruling date of February 29, 2016 is vacated. The case is set for a status hearing on that same date, at 8:30 a.m. in chambers (Room 2188), to discuss a schedule for briefing plaintiff's anticipated petition for attorney's fees.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 20, 2016