# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IWONA PORTALATIN, )
)
        Plaintiff, )
)
vs. ) Case No. 14 C 8271
)
BLATT, HASENMILLER, )
LEIBSKER & MOORE, LLC, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Iwona Portalatin sued Blatt, Hasenmiller, Leibsker & Moore, LLC, a law firm, and Midland Funding, LLC, alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a). Blatt filed a debt collection suit on Midland's behalf against Portalatin in the Circuit Court of Cook County's First Municipal District—whose courthouse is in downtown Chicago—rather than in the court's Fourth Municipal District, in which Portalatin resided. Portalatin settled with Midland.

The Court entered summary judgment in favor of Portalatin against Blatt on the issue of liability, overruling Blatt's contention that its violation of the FDCPA was based on a "bona fide error" due to its reliance on legal precedent. *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 125 F. Supp. 3d 810 (N.D. Ill. 2015). The Court declined to stay the case pending the Seventh Circuit's *en banc* consideration of a case called *Oliva* that also involved Blatt and the same bona fide error issue, so the case proceeded to a jury trial on damages in November 2015.

At trial, Portalatin sought only statutory damages, asking the jury to award the statutory maximum of $1,000. Blatt argued that the jury should award no damages. The jury awarded Portalatin $200. The Court entered judgment in Portalatin's favor and denied Blatt's post-trial motions in February 2016. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 8271, 2016 WL 693208 (N.D. Ill. Feb. 20, 2016). Blatt filed a notice of appeal in March 2016. The Seventh Circuit stayed the appeal pending resolution of *Oliva*, and this Court similarly stayed the filing of Portalatin's fee petition.

In July of this year, the Seventh Circuit, sitting *en banc*, ruled against Blatt on the bona fide error issue. *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 864 F.3d 492 (7th Cir. 2017). This Court then lifted the stay in the present case, and Portalatin has filed a petition for attorney's fees and expenses, which the Court considers in this decision.

## Discussion

There is no question that Portalatin is a prevailing party entitled to a fee award under 15 U.S.C. § 1692k(a)(3). Portalatin won the case. The Court entered summary judgment in her favor against Blatt on the issue of liability, and a jury awarded her statutory damages, albeit less than what she requested.

Attorney's fees under the FDCPA are determined in the same way as under other federal fee-shifting statutes, namely, by multiplying a reasonable hourly rate for the attorney's services by the number of hours reasonably expended. *See Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). "If necessary, [a] district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree

of success obtained, and the public interest advanced by the litigation." *Id.* (internal quotation marks omitted).

Portalatin had three attorneys work on the case during the time it was pending in this Court. The laboring oar was carried by Mohammed Badwan of Sulaiman Law Group, Ltd. Ross Zambon, who is of counsel to Sulaiman Law Group, also performed work on the case. Finally, Nick Wooten, an Arkansas-based attorney, came into the case once it was set for trial and served as lead trial counsel.

Portalatin seeks to recover for 161.5 hours of Badwan's time at a rate of $375 per hour. She seeks to recover for 64.5 hours of Wooten's time at a rate of $550 per hour; Wooten put in another 20 hours on the case for which Portalatin does not seek to recover fees. Finally, Zambon worked 29.4 hours and claims an hourly rate of $425, but Portalatin has exercised "billing judgment," *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999), and does not seek to recover for Zambon's time.

The total award that Portalatin requests is $96,037.50, plus costs of $772.95. Blatt does not object to the requested cost award but argues that the requested attorney's fees are excessive. The Court notes that records produced by Blatt at the Court's direction during the process of briefing the petition reflect that Blatt's counsel billed it for 173.9 hours at rates ranging from $350 per hour to $550 per hour, for a total of $88,078.

1. **Hourly rates**

Portalatin has the burden of persuasion on whether the requested hourly rates are reasonable. *Hensley*, 461 U.S. at 437. The Court begins with the proposed $375 hourly rate for Badwan. Badwan has been practicing law since 2009. He has had fees

approved in bankruptcy litigation at a higher rate ($425). Blatt has offered no contrary evidence. The Court also notes that Blatt's counsel billed out at $350 per hour two "junior associates" who appear to have somewhat less practice experience than Badwan. In addition, the Court recently approved a $375 rate in a consumer-law case for an attorney with a similar level of experience, finding that rate to be properly supported with reference to rates commonly charged in this area under similar circumstances. *See Stockman v. Global Credit and Collection Corp.*, No. 14 C 6862, 2015 WL 4999851, at *4 (N.D. Ill. Aug. 21, 2015); *Kasalo v. Trident Asset Mgmt., LLC*, No. 12 C 2900, 2015 WL 2097605, at *3 (N.D. Ill. May 3, 2015). For these reasons, the Court finds that Portalatin has established that Badwan's requested rate of $375 is reasonable.

Wooten has been practicing law since 1997. He seeks an hourly rate of $550. His reasonable rate is appropriately higher than Badwan's given his greater level of practice experience. But Wooten has done next to nothing to support his requested rate. He cites no billed rates for hourly-rate-paying clients and no fee awards in other cases. His only evidence of other specific hourly rates consists of somewhat vague and unsupported references to rates charged by opposing counsel in other cases. This is less than persuasive given (among other things) the absence of supporting detail. To be sure, Wooten's requested rate is the same charged by lead defense counsel David Hartsell for the latter part of this litigation—around the same period when Wooten was involved—and, based on review of information on Hartsell's law firm's website, he appears to have approximately the same amount of practice experience as Wooten. But that is a rather thin reed on which to base an hourly rate. Wooten also cites the so-

4

called "Laffey Matrix," but its usefulness in determining reasonable market rates—at least for Chicago—is suspect. *See Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 649-51 (7th Cir. 2011). This Court has declined to give it significant weight in other cases, *see, e.g., Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1040 (N.D. Ill. 2013), and Portalatin has made no effort to explain its usefulness here. With nothing more than this and Wooten's essentially self-serving affidavit supporting his proposed rate, the Court finds that Portalatin has not established that $550 is Wooten's reasonable rate. The Court applies its experience in similar litigation and sets a rate of $425 for Wooten.

**2.    Attorney time**

The Sulaiman firm filed about 55 similar suits alleging violation of the FDCPA's requirements for the venue of collection suits, 13 of them against Blatt. Blatt argues that because of the significant legal (and, to some extent, factual) overlap among these cases, the time spent on this one was excessive and represents duplication of effort vis-à-vis the other cases.

Badwan billed 36.8 hours from the outset of the lawsuit through the summary judgment stage. During this period, Badwan drafted and filed the complaint; reviewed Blatt's answer; prepared Rule 26(a)(1) disclosures; drafted written discovery requests; prepared Portalatin for her deposition and attended the deposition; and attended several status and other hearings before the Court. More significantly, Badwan prepared not one, but two summary judgment briefs—because there were cross-motions—as well as Local Rule 56.1 statements. The Court has reviewed his time records and finds the time spent during this period reasonable, except for a reduction of

5

2.1 hours for time spent in connection with Portalatin's deposition. Contrary to Blatt's contention, the time Badwan spent preparing the summary judgment briefs and Local Rule 56.1 statements, 11.5 hours, is quite modest and does not reflect overbilling or effective double-billing or duplication for work done in or attributable to other cases. In sum, the time that Badwan reasonably spent during this period is 34.7 hours.

Badwan spent 86.7 hours preparing for trial and trying the case. Blatt complains that this is grossly excessive, but it is hard to take that too seriously. The Court granted summary judgment in Portalatin's favor, a ruling later confirmed by the Seventh Circuit's *en banc* decision in *Oliva*. There was only one issue left, namely what amount of money Portalatin should recover for Blatt's violation of the FDCPA. Blatt could have tried to settle at that point, but it expressed no interest in doing so—just as earlier, when it rejected any effort at settlement (as was its right). Rather, Blatt consistently expressed its intention to fight on. As the case approached trial, the Court urged Blatt to consider an option under which it would agree to a statutory damage award in some amount and preserve its liability and other issues for appeal. Blatt flatly rejected this too. In doing so, Blatt's counsel made the firm's intentions clear: it hoped to persuade the jury to award no damages and then argue that Portalatin should recover no attorney's fees. *See* Nov. 19, 2015 Tr. at 3-6.[1] That strategy, we now know, was unsuccessful, as the jury did in fact make an award of damages. Blatt also filed a flurry of motions just before trial, to which Portalatin was required to respond. Fighting for every last inch of ground was certainly Blatt's right, but Blatt cannot viably follow that

---

[1] In this regard, the Court notes that in citing, at the final pretrial conference, another previous case involving this same question regarding a fee award, it incorrectly attributed the case to Hartsell's firm. *See id.* at 6. The Court apologizes for the error.

course and then successfully that Portalatin should have prosecuted the case more cheaply or rolled over and played dead. *See, e.g., Barrow v. Falck*, 977 F.2d 1100, 1104 (7th Cir. 1992); *see also City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986) (a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response").

The Court also notes that time spent by Badwan preparing for trial—including preparing the final pretrial order and responding to Blatt's eve-of-trial filings—was reasonably comparable to that spent by Blatt. The same is true of the time spent on post-trial motions; Badwan spent less time briefing these than defense counsel did, just as he spent less time preparing the final pretrial order and jury instructions than defense counsel. In sum, the Court finds reasonable the 86.7 hours Badwan spent on trial preparation and trial and the 16.2 hours he spent on the post-trial motions. The Court reduces by one-half, to 5.3 hours, the time requested for status conferences following trial and during the stay period; Badwan billed 2 hours for several of these, which is excessive. The Court also reduces by one-half, to 5.6 hours, the time spent on the fee petition, as the time requested is excessive in light of the legal (as opposed to clerical/compilation) work reasonably done.

In sum, the Court approves 148.5 hours of Badwan's time at $375 per hour, for a total of $55,687.50.

Wooten's time is a different story. The Court finds persuasive Portalatin's contention that it was reasonable to have two lawyers involved as the case neared trial, given the need to respond to motions filed by Blatt around the same time as final preparation for trial was taking place. In addition, Badwan, despite his significant overall

7

experience level, is not a member of this district's "trial bar," likely due to the fact that virtually all consumer-law cases settle before trial. But the amount of time requested for Wooten is excessive and unreasonable. The only issue for trial was exactly what amount of damages, if any, to award, and this was a relatively simple and straightforward issue, particularly given the statutory cap of $1,000. Under the circumstances, Portalatin has not justified shifting to Blatt the cost of 64.5 hours of Wooten's time. Given the brevity of the trial and the simplicity of the issues, the Court reduces Wooten's requested time by one-half, to 32.25 hours, which represents the time reasonably spent preparing for and conducting the trial. At an hourly rate of $425, the total fee award attributable to Wooten is $13,706.25.

Blatt argues that any fee award should be reduced due to Portalatin's relative lack of success, specifically her recovery of only a portion of the damages she sought. The Court disagrees. It is true that the damages awarded were small, but statutory damages under the FDCPA are capped at $1,000, meaning that even an award at the maximum would have been small. As noted earlier, Blatt was shooting for a zero award, and viewed through that lens Portalatin achieved a reasonable degree of success by persuading the jury to make an award. And damages are not the only issue: Portalatin prevailed as to liability on summary judgment, thereby establishing that Blatt had violated the FDCPA. Finally, and perhaps most importantly, the vindication of public rights like those established by the FDCPA and other consumer-law statutes is not appropriately viewed simply in dollar terms. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997). Litigation of this type serves an important public purpose of

cabining unfair activities by debt collectors, a purpose recognized by Congress in the express findings it made when it adopted the FDCPA.[2] *See* 15 U.S.C. § 1692(a)-(e). The Court declines to reduce Portalatin's fee award based on her purported "limited" success, claimed disproportionality, or otherwise.

## Conclusion

For the reasons stated above, the Court grants plaintiff's petition for attorney's fees and costs [dkt. no. 131] and awards plaintiff attorney's fees in the amount of $69,393.75 ($55,687.50 for Badwan and $13,706.25 for Wooten) and costs in the amount of $772.95.

Date: October 25, 2017

_____
MATTHEW F. KENNELLY
United States District Judge

---

[2] The Court observes that if the case was as unimportant as Blatt suggests, it might have been well-advised to offer a settlement at an early stage or even before the case went to trial, as the Court suggested. By way of example, an offer of judgment of $1,000 plus reasonable fees, or even $200 plus reasonable fees, made at or near the outset of the case would have saved Blatt over $80,000 in its own legal fees plus almost the entirety of the award the Court makes here.